Fatmir QOSAJ, Petitioner,

v.

Michael B. MUKASEY, United States Attorney General, Respondent.

No. 08–1185–ag.

United States Court of Appeals, Second Circuit.

Dec. 10, 2008.

Leon Kayser, Esq., Leon Kayser & Associates, Bloomfield Hills, MI, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Shelley R. Goad, Senior Litigation Counsel, Kristin A. Moresi, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROBERT A. KATZMANN, Hon. B.D. PARKER and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Fatmir Qosaj, a native and citizen of Albania, seeks review of a February 29, 2008 order of the BIA denying his motion to reopen his removal proceedings. *In re Fatmir Qosaj,* No. A79–299–753 (B.I.A. Feb. 29, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006)

(citing *INS v. Doherty,* 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)). Here, we conclude that the BIA did not abuse its discretion in denying Qosaj's motion to reopen. A party may file a motion to reopen removal proceedings no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened. 8 C.F.R. § 1003.2(c)(1), (c)(2). However, this time limitation does not apply to a motion to reopen proceedings to apply or reapply for asylum "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).

 It is undisputed that Qosaj filed his November 2007 motion to reopen more than 90 days after the BIA's September 2002 final order of removal. In support of his motion, Qosaj provided two affidavits, one detailing the political situation in Albania for the last half century, and the other from an individual alleging that Qosaj's mother had been beaten and interrogated by authorities about Qosaj's whereabouts. As to the first, at best, it demonstrates that the difficult political conditions in Albania have continued, not worsened. Furthermore, as the BIA noted, Qosaj acknowledged that the Democratic Party—the party he supported—was now in control. Such changed circumstance seemingly makes it less, not more, likely that Qosaj would be persecuted for his allegiance to the Democratic Party if returned to Albania. *See Hoxhallari v. Gonzales,* 468 F.3d 179, 187–88 (2d Cir.2006). While the other affidavit alleges that Qosaj's mother was beaten and threatened by secret police looking for him, that affidavit relates to the same claim the agency previ-

ously found not credible. Given that Qosaj never overcame that credibility determination, the BIA was not required to credit the evidence he submitted with his motion to reopen. *See, e.g., Kaur v. BIA,* 413 F.3d 232, 234 (2d Cir.2005) (finding that the BIA does not abuse its discretion in denying a motion to reopen where the evidence submitted with that motion relates to the same claim the agency found not credible in the underlying proceeding); *see also Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 147–48 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. The pending request for oral argument in this petition is DENIED.